# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3374

_____

Andrea Lindner,                                                    *
                                                                   *
                   Appellant,                                      *
                                                                   *
         v.                                                        *
                                                                   *
State of Nebraska, Department of Health                            *
and Human Services System, Cathy                                   *
Anderson, individually and in her official                         *    Appeal from the United States
capacity, Carla Lasley Lamphere,                                   *    District Court for the
individually and in her official capacity,                          *    District of Nebraska
Jerry Lee Jensen, individually and in her                          *
official capacity, Dennis Mohatt,                                  *
individually and in his official capacity,                          *    [UNPUBLISHED]
Jessie K. Rasmussen, individually and in                           *
her official capacity, Mary Shanahan,                              *
individually and in her official capacity,                          *
Michael Carroll, individually and in his                           *
official capacity, Timothy A. Becker,                              *
individually and in his official capacity,                          *
                                                                   *
                   Appellees.                                      *

_____

Submitted:  May 18, 2001

Filed:  June 15, 2001

_____

Before MORRIS SHEPPARD ARNOLD and BYE, Circuit Judges, and GAITAN,[1] District Judge.

_____

PER CURIAM.

Andrea Lindner was demoted from her position as a local manager for the Nebraska Department of Health and Human Services (HHS) after her performance slipped and she encountered a series of problems with employees and supervisors. She sued the State of Nebraska, HHS, and several state employees alleging discrimination under the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213, and multiple civil rights statutes, 42 U.S.C. §§ 1983, 1985, 1986 & 1988. The district court[2] dismissed Lindner's ADA claim, and later granted the defendants' motion for summary judgment on the civil rights claims. Lindner now appeals a portion of the claims resolved against her. We affirm.

The district court properly dismissed Lindner's ADA claim against the State in view of the State's Eleventh Amendment immunity. See Bd. of Trs. of the Univ. of Ala. v. Garrett, 121 S. Ct. 955, 960, 967-68 (2001).

On appeal, Lindner pursues only three of the multiple civil rights claims she raised in her complaint. As we explain below, we agree with the district court that no disputes of material fact prevented the entry of judgment in favor of the State and its employees as to these three claims. See Fed. R. Civ. P. 56(c); Rouse v. Benson, 193 F.3d 936, 939 (8th Cir. 1999) (standard of review).

_____

[1]The Honorable Fernando J. Gaitan, United States District Judge for the Western District of Missouri, sitting by designation.

[2]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

-2-

1. Lindner claimed that she was treated irrationally because of her disability in violation of the Equal Protection Clause. We agree with the district court that Lindner's claim failed because she adduced no evidence of similarly-situated employees who received more favorable treatment. See Batra v. Bd. of Regents of Univ. of Neb., 79 F.3d 717, 721-22 (8th Cir. 1996).

2. Lindner alleged a First Amendment violation based upon two separate incidents. First, she protested against cronyism in department hiring practices. Second, she voiced her displeasure at perceived inequitable treatment based on her disabilities. The facts supporting Lindner's cronyism protest occurred nearly two years before she was demoted—a substantial gap in time that defeats the inference that Lindner was punished because of her speech. See Ingram v. Johnson, 187 F.3d 877, 880 (8th Cir. 1999). And the facts underlying the inequitable treatment complaint do not involve the First Amendment because they raise a matter of personal, not public, concern. See Cox v. Dardanelle Pub. Sch. Dist., 790 F.2d 668, 672-73 (8th Cir. 1986). The district court properly entered summary judgment against Lindner on her First Amendment claim.

3. Finally, in her procedural due process claim, Lindner alleged that her property interest in her employment was taken from her without adequate notice and a meaningful opportunity to be heard. We disagree. Lindner received ample notice of the charges against her in a Notice of Allegations, and she was afforded an opportunity to respond by meeting with her supervisor. At the meeting, Lindner introduced mitigating evidence. Her supervisor considered the mitigating evidence and thereafter engaged in additional fact-finding. In these circumstances, we believe that Lindner received all the process she was constitutionally due. See generally Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542-46 (1985).

We affirm the judgment of the district court in all respects.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.